IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| PIERRE RAMON TRIPP,<br><br>     Plaintiff<br><br>  VS.<br><br>SGT. JACKSON,<br><br>     Defendant | NO. 5:06-CV-130 (HL)<br><br>**PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE** |

# RECOMMENDATION

Defendant SERGEANT JACKSON has filed a motion seeking summary judgment against the plaintiff in the above-styled case. Tab #26. Despite being advised of his duty to respond to defendant Jackson's motion (Tab #27), the plaintiff has failed to do so. However, it is the obligation of the court to ensure that the standards for summary judgment are met before the same can be granted.

## SUMMARY JUDGMENT STANDARD

As previously indicated to the plaintiff in the court's notice (Tab #44), Rule 56(c) of the Federal Rules of Civil Procedure dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are <u>no</u> genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); ***Warrior Tombigbee Transportation Co. v. M/V Nan Fung***, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment <u>cannot rest on his pleadings</u> to present an issue of fact but <u>must make a response</u> to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts which exist in the case which must be presented to a jury for resolution. ***See Van T. Junkins & Assoc. v. U.S. Industries, Inc.***, 736 F.2d 656, 658 (11th Cir.1984).

**FACTS**

Plaintiff TRIPP has failed to respond to defendant's Motion for Summary Judgment despite specific direction from the court to do so.[1] The motion is thus UNCONTESTED. Accordingly, based upon the defendants' motion and the other records provided, this court finds the facts as set forth by the defendant in his motion, STATEMENT OF MATERIAL FACTS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED, and other pleadings, and further finds that there is no genuine dispute on any issues raised by plaintiff.

While in the intake area of Houston County Detention Center, plaintiff created a disturbance by speaking in a loud voice to a female inmate, which was against the prison's rules. Defendant Jackson ordered plaintiff not to talk to the female inmate and plaintiff disobeyed Jackson's order. Jackson escorted plaintiff to a holding cell where the two of them exchanged words and plaintiff blocked the holding cell's door from closing. At that time, Jackson used force (but no weapon) to restrain the plaintiff and place him in the cell.

---

[1] The court's March 1, 2007 Order made clear that in order to survive summary judgment, a party cannot rest on its pleadings and must present an issue of fact by filing affidavits, depositions, or other evidence in his support. Tab #27. Plaintiff has failed to do so.

After the incident, plaintiff was seen by Nurse Colbert who observed some scratches and a three inch bruise which she deemed not to be serious. Nurse Colbert took x-rays of plaintiff's jaw and hip which did not reveal any injury from the incident.

Jackson's actions came as a direct result of plaintiff's insubordination and a need to restore order. Jackson did not use a weapon; plaintiff TRIPP did not suffer any serious injury as a result of the defendant's action.

## DISCUSSION

In considering an Eighth Amendment excessive force claim, courts must consider both a subjective component — whether the official acted with a sufficiently culpable state of mind — and an objective component — whether the alleged wrongdoing was objectively harmful enough to establish a constitutional violation. Plaintiff TRIPP has failed to rebut any of the evidence that shows that defendant Jackson's actions were justified and necessary.

Accordingly, IT IS RECOMMENDED that defendant JACKSON's Motion for Summary Judgment (Tab #26) be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 18th day of JULY, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE